# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY CACAO,<br><br>        Plaintiff,<br>vs.<br><br>JOSHUA SALAS, JOSE ANTONIO HERNANDEZ, JONATHAN A. RIOS, and DOES 1 through 5, inclusive,<br><br>        Defendants. | CASE NO. 13cv2617-WQH-NLS<br><br>ORDER |

HAYES, Judge:

    The matters before the Court are the Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) and the Ex Parte Motion to Remand to State Court (ECF No. 3).

**I.    Background**

    On October 8, 2013, Plaintiff Rocky Cacao filed a Complaint for unlawful detainer in San Diego County Superior Court. (ECF No. 1-1).

    On October 29, 2013, Defendant Joshua Salas ("Defendant"), proceeding pro se, filed a Notice of Removal in this Court (ECF No. 1), and a Motion for Leave to Proceed In Forma Pauperis ("Motion to Proceed IFP"). (ECF No. 2).

    On November 5, 2013, Plaintiff filed the Ex Parte Motion to Remand to State Court ("Motion to Remand"). (ECF No. 3).

On December 11, 2013, Defendant filed an opposition to the Motion to Remand. (ECF No. 5). On December 13, 2013, Plaintiff filed a reply and request for attorney's fees. (ECF No. 6).

## II.  Discussion

### A.  Motion to Remand

Plaintiff moves for remand of this action to state court on the basis that the Court lacks subject-matter jurisdiction, and that neither federal question jurisdiction nor diversity jurisdiction exists. (ECF No. 3-1 at 8-11). Defendant does not specifically allege subject-matter jurisdiction, but states that "[t]he case has been removed for the following reasons: "True Bill" by Joshua Salas in support of Legislative Act, By Caveat Judicial Notice 28 USC 1446 - sec. 576 which grants Removal to Defendants." (ECF No. 1 at 2).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States...." 28 U.S.C. § 1441(a). A district court must remand a case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

#### 1.  Diversity of Citizenship

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env.*, 236 F.3d 495, 499 (9th Cir. 2001). It is also necessary that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs...." 28 U.S.C. § 1332(a).

In the Notice of Removal, Defendant states that he is a resident of California, and that Plaintiff is a resident of California. (ECF No. 1-2 at 1). In the Motion to Remand, Plaintiff asserts that he is a resident of California. (ECF No. 3-1 at 11). Further, the amount in controversy asserted by Plaintiff in the Complaint is at most $10,000. (ECF No. 1-1). Defendant has provided no basis for a determination that the amount in controversy exceeds $75,000. Defendant has failed to establish complete diversity of citizenship. *See Thompson v. McComb*, 99 F.3d 352, 353 (9th Cir. 1996) (upon removal, defendant bears the burden of establishing the "actual existence of subject matter jurisdiction.").

### 2.     Federal Question

Absent diversity of citizenship, a federal court has subject matter jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted); *see also* 28 U.S.C. § 1331. The well pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. "Removability cannot be created by defendant pleading a counter-claim presenting a federal question...." *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (quotation and citations omitted).

Plaintiff's Complaint relies exclusively on state law and does not assert a federal question. To the extent Defendant contends that he has a defense to the unlawful detainer action grounded in federal law, "the existence of a defense based upon federal law is insufficient to support jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10-12 (1983)).

The Court concludes that neither the Complaint nor the Notice of Removal adequately states a basis for this Court's original jurisdiction. Accordingly, the Motion to Remand is GRANTED.

### B.     Request for Attorney's Fees

Plaintiff contends that he is entitled to reasonable attorney's fees and costs incurred as a result of Defendant's improper removal. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

The Court finds that, considering the circumstances of this case, including Defendant's pro se status, an award of attorney's fees is not appropriate. *See Citibank N.A. v. Ortiz,* 2008 WL 4771932, at * 2 (S.D. Cal. Oct. 28, 2008) (declining to award fees "in consideration of Defendant's pro se status").

## III.   Conclusion

IT IS HEREBY ORDERED that the Motion to Remand is GRANTED. (ECF No. 3). Pursuant to 28 U.S.C. § 1447(c), this action is REMANDED to the Superior Court of California, County of San Diego, where it was originally filed and assigned case number 37-2013-00070238-CL-UD-CTL. The Motion to Proceed IFP (ECF No. 2) is DENIED as moot.

DATED: December 17, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge